UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Loretta-Lynn Begay Dobbs, | Case No. 19-cv-1289 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Fond du Lac Reservation Business Committee, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge upon Defendant's Motion to Dismiss. [Docket No. 21]. Defendant's Motion was referred to the undersigned by the Honorable Susan Richard Nelson. (Order of Reference [Docket No. 26]).

Plaintiff initiated the present action on May 15, 2019, by filing her pro se Complaint. [Docket No. 1]. In response to Plaintiff's initial Complaint, Defendant filed a Motion to Dismiss. [Docket No. 8]. In response to that Motion, Plaintiff timely filed her Amended Complaint. [Docket No. 19]. Thereafter, Defendant filed the present Motion to Dismiss, [Docket No. 21], in response to the Amended Complaint on July 15, 2019. Following a hearing, the undersigned took Defendant's Motion under advisement. (Minute Entry [Docket No. 38]).

For the reasons discussed herein, it is recommended that Defendant's Motion to Dismiss, [Docket No. 21], be **GRANTED.**

**I.   Background**

Plaintiff is a member of the Fond du Lac Band of Lake Superior Chippewa. (See, Amended Compl. [Docket No. 19]). Plaintiff's operative Amended Complaint, [Docket No. 19], provides as follows:

> I am Woman Loretta-Lynn Begay Dobbs. I am Heirs to the Allotments "see Exhibit 1 Has gone thru Federal Probate and has claims to property.
>
> That the Fond du Lac Reservation Business Committee has thru fraud and deception taken my Allotment lands. Fond du Lac Reservation Business Committee has entered into Easement Agreements with outside Businesses without getting consent from being a Heir.
>
> Exhibit {2} Documents from BIA
> Exhibit {3} Death Notice
> Exhibit {4} Map of my Lands

(Amended Compl. [Docket No. 19]) (reproduced as in original).

Liberally construing Plaintiff's pro se Amended Complaint in her favor, Plaintiff claims that the Fond du Lac Reservation Business Committee interfered with Plaintiff's right to use or access her allotment lands. (See, Id.). This construction of Plaintiff's Complaint was affirmed by her at the September 18, 2019, Motions Hearing. Plaintiff clarified that Defendant had interfered with Plaintiff's right to use her land by causing her to be arrested when she attempted to enter her land. (See, September 18, 2019, Motions Hearing, Digital Recorder at 10:37–10:49).

Counsel for the Defendant agreed that Plaintiff had been arrested by a tribal police officer on a charge of trespass when Plaintiff was attempting to enter her allotment lands. (See, Id.). Upon her arrest, Carlton County initially charged Plaintiff with trespass, however, Carlton County later dismissed those charges. (See, Id.).

Broadly and liberally construing her Amended Complaint in her favor, Plaintiff appears to allege a 42 U.S.C. § 1983 claim based on her Fourth Amendment right to be free from unreasonable seizure, as well as, a similar unreasonable seizure claim pursuant to the Indian Civil Rights Act. (See, Amended Compl. [Docket No. 19]; September 18, 2019, Motions Hearing, Digital Recorder at 10:37–10:49).

## II. Standard of Review

Pro se pleadings—such as Plaintiff's Amended Complaint—are to be construed liberally. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). To give a pro se pleading liberal construction means that "if the essence of an allegation is discernible . . . then the district court should construe the [claim] in a way that permits the layperson's claim to be considered within the proper legal framework." Id. (ellipses in original) (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

### A. Subject Matter Jurisdiction

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12–cv–1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction.

"Sovereign immunity is a jurisdictional question." Rupp v. Omaha Indian Tribe, 45 F. 3d 1241, 1244 (8th Cir. 1995). If a Defendant enjoys sovereign immunity, the Court does not have jurisdiction to hear the claims plead against it. Id. Accordingly, motions to dismiss asserting sovereign immunity challenges are considered pursuant to Federal Rule of Civil Procedure 12(b)(1). Brown v. United States, 151 F. 3d 800, 804 (8th Cir. 1998).

There are two types of subject matter jurisdiction challenges. See, e.g., Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). One type of subject matter jurisdictional challenge requires the court to examine the face of the pleadings. See Id. at 729. In addressing a facial sovereign immunity challenge to subject matter jurisdiction, a court is to accept all factual

3

allegations in the pleadings as true, and it views them in the light most favorable to the nonmoving party, as it would when ruling on a Rule 12(b)(6) motion. Cmty. Fin. Grp., Inc. v. Republic of Kenya, 663 F.3d 977, 980 (8th Cir. 2011) (citing Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008)). The second type of challenge requires the Court to go beyond the pleadings to resolve a factual dispute necessary to determine whether the Court has subject matter jurisdiction. See, e.g., Osborn, 918 F.2d at 729. In ruling on this second type of fact-implicated challenge to subject matter jurisdiction, the Court is not limited in the manner that it would be if it considered matters beyond the pleadings in the context of a Rule 12(b)(6) motion to dismiss. Id. Rather, the Court is free to consider the pleadings, affidavits in support of and in opposition to the motion, and even hold an evidentiary hearing to take testimony. Id. In addition, the Court is not required to presume the truthfulness of the information in the non-moving party's documents, and the existence of a dispute of material fact will not preclude the court from evaluating the merits of the jurisdictional claims. Id. at 730.

### B. Failure to State a Claim[1]

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the non-moving party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] A "failure to state a claim" analysis pursuant to Rule 12(b)(6) generally need not be undertaken if in the first instances the Court lacks subject matter jurisdiction.

4

reasonable inference that the defendant is liable for the misconduct alleged," but in contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–67).

"To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (citations and internal quotation marks omitted). In addition to accepting all of the factual allegations in the complaint as true, courts considering a Rule 12(b)(6) motion to dismiss draw all reasonable inferences in the plaintiff's favor, but courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Carton, 611 F.3d at 454 (citations omitted); see, Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 664. When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible," they may disregard legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81. Likewise, a Court need not accept as true wholly conclusory allegations couched as facts. Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999); see, Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004).

### III. Defendant's Motion to Dismiss. [Docket No. 21].

Defendant moves this Court for an Order dismissing the Amended Complaint. (Def.'s Mot. to Dismiss [Docket No. 21]). In its memorandum in support of the present Motion,

Defendant generically argues that, based on its interpretation of the claim presented by Plaintiff, it is immune from suit under the doctrine of sovereign immunity. (Def.'s Mem. [Docket No. 23]). Defendant contends that in addition to the doctrine of sovereign immunity, Plaintiff's Amended Complaint is so sparse that it fails to plead the elements necessary to establish that this Court possesses the subject matter jurisdiction necessary to adjudicate any proposed claim. (Id.). In that same vein, Defendant alternatively asserts that Plaintiff's Amended Complaint simply fails to plead any cause of action upon which relief may be granted. (Id.).

"It is well settled that the plaintiff bears the burden of establishing subject matter jurisdiction." Nucor Corp. v. Nebraska Public Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989).

The United States Supreme Court has long observed that Indian tribes are "distinct, independent political communities, retaining their original natural rights in matters of local self-government." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 55 (1978) (internal quotation marks omitted).[2] In Santa Clara Pueblo, the United States Supreme Court reaffirmed its long-held view that, as it related to Indian tribes, "a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." 436 U.S. at 55. Absent a showing that an Indian tribe has waived its sovereign immunity or that the United States Congress has authorized the suit, a Federal Court lacks subject matter jurisdiction over claims against an Indian tribe or its agencies. Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1043–44 (8th Cir. 2000) (providing that sovereign immunity is a threshold jurisdictional issue and finding that said sovereign immunity extends to a tribal college); Dillon v. Yankton Sioux Tribe Housing Auth., 144 F.3d 581, 583 (8th Cir. 1998) (sovereign immunity extends to tribal housing authority). As the governing body of a tribe, a business committee which governs the tribe is likewise entitled to sovereign

---

[2] While no longer possessed of the full attributes of sovereignty, tribes retain the right to make their own law regarding internal matters, and to enforce that law in their own forums. Id. at 55–56.

immunity. See, Namekagon Dev. Co. v. Bois Forte Reservation Hous. Auth., 395 F. Supp. 23, 26 (D. Minn. 1974), aff'd sub nom. Namekagon Dev. Co. v. Bois Forte Reservation Hous. Auth., 517 F.2d 508 (8th Cir. 1975) (citing United States v. United States Fidelity & Guaranty Co., 309 U.S. 506 (1940); Turner v. United States, 248 U.S. 354 (1919); Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529 (8th Cir. 1967); Thebo v. Choctaw Tribe of Indians, 66 F. 372 (8th Cir. 1895). Thus, "[a]s a matter of law, an Indian tribe," its agencies, and its governing body are "subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v. Mfg. Technologies, 523 U.S. 751, 753 (1998).

Defendant, the Fond Du Lac Reservation Business Committee, is the governing body of the Fond Du Lac Reservation, and therefore, it is protected by the doctrine of sovereign immunity. See, Namekagon Dev. Co. v. Bois Forte Reservation Hous. Auth., 395 F. Supp. 23, 26 (D. Minn. 1974); Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1043–44 (8th Cir. 2000). Accordingly, absent a showing that it has waived its sovereign immunity or that the United States Congress has authorized the suit, this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant. See, Hagen, 205 F.3d at 1043–44.

In 1953, Congress waived tribal sovereign immunity for some tribes in some states under certain circumstances through Public Law 83-280 (hereinafter "Public Law 280"). Act of Aug. 15, 1953, Pub. L. No. 83-280, 67 Stat. 588 (codified as amended at 18 U.S.C. § 1162, 28 U.S.C. § 1360, and 25 U.S.C. §§1321–1326). As relevant to the present analysis, Public Law 280 provided that the State of Minnesota would have concurrent criminal jurisdiction over Indian Country within its borders with the exception of the Red Lake Reservation. Id. Accordingly, the State of Minnesota's criminal jurisdiction extends to the Fond Du Lac reservation. See, Id.

Although Minnesota's criminal jurisdiction extends to the Fund du Lac Reservation, the tribe retains inherent criminal jurisdiction over its own members within its territorial boundaries. See, Walker v. Rushing, 898 F.2d 672, 675 (8th Cir. 1990) ("Nothing in the wording of Public Law 280 or its legislative history precludes concurrent tribal authority."). In 1978, however, the United States Supreme Court held that Indian tribes did not have inherent criminal jurisdiction over non-Indian persons within reservations. Oliphant v. Suquamish Indian Tribe, 435 U.S. 191, 212 (1978). Thereafter, many Indian tribes and local law enforcement agencies entered into cross-deputizing agreements. See, Minn. Stat. § 626.92.

When tribes and municipalities entered into such cross-deputization agreements, each respective government acts pursuant to enabling legislation. For the Fond du Lac Reservation, the enabling statute is Minn. Stat. § 626.92, which specifically addresses Minnesota's delegation of authority to the Fond du Lac Band of Lake Superior Chippewa to enforce the laws of Minnesota. That delegation of authority is conditioned on the several requirements, including the condition that the Fond du Lac Band of Lake Superior Chippewa "agree[] to be subject to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties arising out or the law enforcement agency powers conferred by this section to the same extent as a municipality under chapter 466." Minn. Stat. § 626.92, Subd. 2(a)(1). The statute further provides that "the band . . . agrees, notwithstanding section 16C.05, subdivision 7, to waive its sovereign immunity for purposes of claims out of this liability." Id.

Although Minn. Stat. § 626.92 provides that the Fond du Lac Band of Lake Superior Chippewa might provide a limited waiver of sovereign immunity if it wishes to exercise the same powers as local law enforcement agencies do over non-Indian persons within the Fond du Lac reservation, Minn. Stat. § 626.92 does not itself actually contain any waiver of the Fond du

Lac Band of Lake Superior Chippewa's sovereign immunity. The implication that such a waiver might happen is not the type of "unequivocal" waiver required to waive a tribe's sovereign immunity. See, gen., Santa Clara Pueblo v. Martinez, 436 U.S. 49, 55 (1978).

"It is well settled that the plaintiff bears the burden of establishing subject matter jurisdiction." Nucor Corp. v. Nebraska Public Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989). In the present case, even liberally construing Plaintiff's Amended Complaint and drawing all reasonable inferences thereon, Plaintiff has failed on the face of the pleading to allege facts demonstrating that Defendant the Fond du Lac Reservation Business Committee unequivocally expressed a waiver of sovereign immunity or that Congress abrogated Defendant's sovereign immunity for the purposes of the claims now before this Court. Thus, on the present record, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims.

Therefore, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 21], be **GRANTED**, and the undersigned further recommends that Plaintiff's Amended Complaint be **DISMISSED without prejudice**.[3]

Further, even assuming solely for the sake of argument that Defendant had waived its sovereign immunity from suit, it would still be recommended that Plaintiff's Amended Complaint, as it is currently drafted, be dismissed because her Amended Complaint fails to state a claim upon which relief can be granted pursuant to either 42 U.S.C. § 1983 or the Indian Civil Rights Act.

---

[3] The Court is cognizant of the fact that, under the majority of circumstances, claims dismissed based on the doctrine of sovereign immunity are dismissed with prejudice. See, Harper v. White Earth Human Res., No. 16-cv-1797 (JRT/LIB), 2017 WL 701354, at *2 (D. Minn. Feb. 22, 2017). The undersigned finds, however, that the circumstances of the present case warrant dismissal without prejudice. As already discussed above, there is at least some indication that Defendant might have, at some point in time, provided a limited waiver of its sovereign immunity for claims similar to those raised here. Although there are insufficient facts to demonstrate that waiver on the present record before the Court, that is not to say that such a waiver would be impossible to plead. Therefore, the circumstances of the present case warrant dismissal without prejudice.

9

The Court first addresses Plaintiff's 42 U.S.C. § 1983 claims based on her allegation that she was unlawfully arrested while attempting to use or access her land.

In relevant part, 42 U.S.C. § 1983 permits "any citizen of the United States or other person within the jurisdiction thereof" to seek legal and equitable relief from "[e]very person who under color of" state law, deprived them of federally protected rights. 42 U.S.C. § 1983. On its face, 42 U.S.C. § 1983 provides that "[o]nly 'persons' who deprive citizens or other persons with the jurisdiction of the United States of rights conferred by federal laws under the color of state law may be liable under [42 U.S.C.] § 1983." Hester v. Redwood Cty., 885 F. Supp. 2d 934, 948 (D. Minn. 2012). Courts have interpreted "person" in 42 U.S.C. § 1983 to exclude sovereigns, such as the only named Defendant in the present case—the governing body of a sovereign Indian tribe. See, Hester v. Redwood Cty., 885 F. Supp. 2d 934, 948 (D. Minn. 2012) ("Indian tribes are not 'persons' under the plain and ordinary usage of that word.") (citing Vt. Agency of Natural Res. v. U.S. ex. Rel. Stevens, 529 U.S. 765, 779 (2000) (noting longstanding interpretive presumption that "person" does not include a sovereign); Inyo Cnty., Cal. v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, 538 U.S. 701, 704 (2003)); see in accord, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

In Inyo County, the United States Supreme Court determined that an Indian tribe was not a "person" who could bring suit to vindicate its sovereign rights pursuant to 42 U.S.C. § 1983. Inyo Cnty., Cal. v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, 538 U.S. 701, 712 (2003). In finding that an Indian tribe was not within the definition of a "person" who could raise suit pursuant to 42 U.S.C. § 1983, the Supreme Court did not specifically find that an Indian tribe was not within the definition of a "person" subject to suit

pursuant to 42 U.S.C. § 1983, however, the Supreme Court's opinion in Inyo County provides strong indication that Indian tribes are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. See, Inyo Cnty., Cal. v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, 538 U.S. 701, 704–12 (2003) (noting it long history of finding "person" does not include sovereigns, discussing Indian tribes as sovereign, finding that the Indian tribe was not a "person" who may sue under 42 U.S.C. § 1983, and citing to it previous holding that the "presumption that a given term is used to mean the same thing throughout a statue" is "surely at its most vigorous when a term is repeated within a given sentence"). Other Courts have reached a similar conclusion. See, Hester v. Redwood Cty., 885 F. Supp. 2d 934, 948 (D. Minn. 2012); Coleman v. Duluth Police Dep't., No. 7-cv-473 (DWF/RLE), 2007 WL 9735077, at *3–4 (D. Minn. Aug. 15, 2007), report and recommendation adopted sub nom., Coleman v. Ramsay, 2007 WL 9735087 (D. Minn. Sept. 18, 2007).

Under the circumstances of the present case based on the record as plead in the Amended Complaint now before the Court, Defendant is simply not a "person" against whom a 42 U.S.C. § 1983 may be raised.[4] Therefore, to the extent Plaintiff seeks by her Amended Complaint to allege a direct claim pursuant to 42 U.S.C. § 1983 against the named Defendant, the Fond du Lac Reservation Business Committee, Plaintiff has failed to allege a claim upon which relief can be granted.

Plaintiff also alleges in her Amended Complaint that Defendant violated her rights under the Indian Civil Rights Act. (See, Amended Compl. [Docket No. 19]).

---

[4] Even assuming solely for the sake of argument that Defendant was a "person" for purposes of 42 U.S.C. § 1983, the undersigned also doubts whether or not the circumstance of the present case demonstrate that Defendant was acting under "color of state law" as required to support a claim raised pursuant to 42 U.S.C. § 1983. Indian tribes retain inherent criminal jurisdiction over their own members within their own territorial boundaries. See, Walker v. Rushing, 898 F.2d 672, 675 (8th Cir. 1990). Plaintiff is a member of the Fond du Lac Band of Lake Superior Chippewa, and it was a tribal police officer who allegedly unlawfully arrested Plaintiff. Although the undersigned reaches no decision on the issue, it appears that in arresting Plaintiff the tribe arguably may have been acting under its own inherent authority rather than under color of any state law.

The Indian Civil Rights Act provides in relevant part that "[n]o Indian tribe in exercising powers of self-government shall . . . deny to any person within its jurisdiction the equal protection of its law or deprive any person of liberty or property without due process of law[.]" 25 U.S.C. § 1302(a)(8). The Supreme Court has explicitly held, however, that a writ of habeas corpus is the <u>only</u> federal remedy available under the Indian Civil Rights Act, and that the Indian Civil Rights Act "does <u>not</u> . . . authorize actions for declaratory or injunctive relief against either the tribe or its officers." <u>Santa Clara Pueblo</u>, 436 U.S. at 72 (emphasis added).

Thus, to the extent she asserts a purported claim under the Indian Civil Rights Act, Plaintiff's Amended Complaint also fails to state a claim upon which relief can be granted because the Indian Civil Rights Act does not provide for a private civil cause of action in this Court.

**IV.   Conclusion**

Therefore, based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss, [Docket No. 21], be **GRANTED**; and
2. Plaintiff's action be **DISMISSED without prejudice**.

Dated: November 26, 2019                    s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).