# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Loretta-Lynn Begay Dobbs,<br><br>Plaintiff,<br><br>v.<br><br>Fond du Lac Reservation Business Committee,<br><br>Defendant. | Case No. 19-cv-1289 (SRN/LIB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Loretta-Lynn Begay Dobbs, P.O. Box 1024, Daleville, AL 36322, Pro Se.

Sean W. Copeland, Fond du Lac Legal Affairs, 1720 Big Lake Rd., Cloquet, MN 55720, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Loretta-Lynn Begay Dobbs' "Motion to Dismiss Defendant's Motion to Dismiss" [Doc. No. 43], which the Court construes as her Objections to the Report and Recommendation ("R&R" [Doc. No. 39]) of Magistrate Judge Leo I. Brisbois dated November 26, 2019. In the R&R, the magistrate judge recommended that Defendant's Motion to Dismiss the Amended Complaint [Doc. No. 21] be granted, and that Plaintiff's action be dismissed without prejudice. For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R.

## I. BACKGROUND

Plaintiff claims an ownership interest in certain allotment lands located on the Fond du Lac Indian Reservation. (*See* Am. Compl. [Doc. No. 19].) In her one-paragraph

Amended Complaint, she contends that Defendant, the Fond du Lac Reservation Business Committee, "through fraud and deception," has taken her lands, and entered into easements with outside businesses without obtaining her consent. (*Id.*)

At the hearing before Magistrate Judge Brisbois on Defendant's motion, Dobbs clarified her allegation that Defendant interfered with her right to use her land by arresting her when she attempted to enter the land. (R&R at 2.) Defense counsel acknowledged that a tribal police officer had arrested Plaintiff on a charge of trespass. (*Id.*) Although Carlton County initially charged Dobbs with trespass, it later dismissed the charge. (*Id.*)

In its Motion to Dismiss, Defendant argues that Dobbs fails to adequately state a claim, fails to establish subject matter jurisdiction, and that her claims are barred by tribal sovereign immunity. (Def.'s Mem. [Doc. No. 23] at 3–5.)

In the R&R, Magistrate Judge Brisbois liberally construed Dobbs' Amended Complaint to allege a claim under 42 U.S.C. § 1983 based on Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment, as well as a similar right arising under the Indian Civil Rights Act. (R&R at 2.) However, he found that Dobbs failed to allege facts showing that the Fond du Lac Reservation Business Committee unequivocally waived sovereign immunity or that Congress abrogated Defendant's sovereign immunity for purposes of Plaintiff's claims. (*Id.* at 2–9.) He therefore recommended that the Amended Complaint be dismissed without prejudice, noting that "[a]lthough there are insufficient facts to demonstrate [] waiver on the present record before the Court, that is not to say that such a wavier would be impossible to plead." (*Id.* at 9 & n.3.)

Additionally, the magistrate judge found that based on the allegations in the Amended Complaint, Defendant was not a "person" against whom a § 1983 claim may be asserted. (*Id.* at 11.) Moreover, even if the Fond du Lac Reservation Business Committee were a person subject to § 1983 liability, the magistrate judge expressed doubts as to whether the facts here demonstrate that it was acting under "color of state law," as § 1983 requires. (*Id.* & n.4.) Magistrate Judge Brisbois observed that "Indian tribes retain inherent criminal jurisdiction over their own members within their own territorial boundaries." (*Id.*) (citing *Walker v. Rushing*, 898 F.2d 672, 675 (8th Cir. 1990)). Further, he explained that "Plaintiff is a member of the Fond du Lac Band of Lake Superior Chippewa, and it was a tribal police officer who allegedly unlawfully arrested Plaintiff. Although the undersigned reaches no decision on the issue, it appears that in arresting Plaintiff, the tribe arguably may have been acting under its own inherent authority rather than under color of any state law." (*Id.*)

In her Objections, Dobbs makes the following factual assertions related to the allegedly unlawful seizure of the land and her person: (1) she requires compensation for harm to her property and person; (2) she requires the return of her land, as well as repairs stemming from "unlawful construction causing a destruction of her land"; (3) Defendant's desire to dismiss this case demonstrates its "reckless disregard for Plaintiff's land and her safety and law"; (4) "Defendant[] ha[s] no rights to Plaintiff's land yet [it] clearly want[s] Plaintiff's Claim dismissed, which clearly indicates the criminal nature of the Defendant[']s mind[]"; (5) Defendant allegedly kidnapped and harmed Plaintiff, placing her in handcuffs, from her own land, while knowing that it was her land, "which is a series

3

of felonies"; and (6) despite knowing that Plaintiff owned the land, Defendant pressed charges against her for trespassing. (Pl.'s Objs. ¶¶ 1–6.)

In addition, she claims that the Fond du Lac Reservation Business Committee has engaged in acts of retaliation, stating that after Plaintiff filed this lawsuit, Defendant and the Tribal Council kidnapped her and barred her access to the property with a concrete barrier. (*Id.* ¶ 7.) After doing so, Dobbs alleges, Defendant also stole her motorized home, van, and dogs. (*Id.* ¶ 8.) More generally, Dobbs asserts that Defendant steals land and kidnaps people who attempt to protect their rights and property, claiming that Defendant stole a home from an unidentified person, in retaliation for an investigation into the tribal chairperson's actions. (*Id.* ¶¶ 9–10.)

Dobbs also contends that Defendant's legal counsel, Mr. Copeland, is "part of this conspiracy to traffic Plaintiff's property," and knows of the "crimes and actions by the Defendant[] against Plaintiff, . . . and he knows the Tribal Council has no right to transfer easements for construction on Plaintiff's land to a Foreign Corporation, and they've gone forward with the construction while knowing the Case is still open at the U.S. District Court." (*Id.* ¶¶ 11–12.)

Plaintiff also reports that she plans to file the following motions: (1) motions to cease and desist construction, and "to replace all the felled trees and repair the damage to the land, by funding the private Construction Company of her choice"; (2) to demand that Defendant "and [its] Construction Company get their equipment and themselves off her land, immediately and permanently"; (3) to seek a protective order to force members of the Tribal Council and the Fond du Lac Police Department from coming in contact with her or

4

her property again, for any reason; (4) for the U.S. District Court to open a criminal investigation against Defendant; and (5) to file a complaint with the Minnesota Lawyers Professional Responsibility Board. (*Id.* ¶¶ 14–18.)

As to sovereign immunity, she asserts that "[s]overeignty and immunity does not belong to a limited liability corporation or its members who kidnap, harm and rob Plaintiff." (*Id.* ¶ 19.)

## II. DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

With one exception, Plaintiff does not raise specific objections to the R&R. Instead, she presents a series of factual arguments, noted above, unrelated to the bases on which Magistrate Judge Brisbois ruled. The lone exception is Dobbs' objection that Defendant is not subject to sovereign immunity because it is a limited liability corporation and because of its alleged conduct in kidnapping, harming, and robbing her. (Objs. ¶ 19.) However, Dobbs cites no factual or legal authority in support of her position that Defendant is a limited liability corporation that is not subject to sovereign immunity, nor any legal authority in support of her position concerning the effect of Defendant's alleged conduct on sovereign immunity. Nor does the Amended Complaint contain factual allegations concerning the legal status of the Fond du Lac Reservation Business Committee.

Indian tribes are "generally entitled to immunity from suit." *Lewis v. Clarke*, 137 S. Ct. 1285, 1288 (2017); *see also Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040,

5

1043 (8th Cir. 2000) ("It is undisputed that an Indian tribe enjoys sovereign immunity."). Sovereign immunity is a threshold jurisdictional issue. *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 685 (8th Cir. 2011) (citing *Hagen*, 205 F.3d at 1043). The Eighth Circuit has held that sovereign immunity extends to a tribal agency or entity. *See id.* (citing *Dillon v. Yankton Sioux Tribe Hous. Auth.*, 144 F.3d 581, 583 (8th Cir. 1998)). As Magistrate Judge Brisbois observed, the Fond du Lac Reservation Business Committee is the governing body of the Fond du Lac Reservation. (*See* R&R at 7; *see also* Pl.'s Ex. to Doc. No. 30 at 5 (Fond du Lac Am. Ordinance # 10/98, Ch. 100, § 101) ("This Ordinance is enacted pursuant to the inherent sovereign authority of the Fond du Lac Reservation Business Committee, as the governing body of the Fond du Lac Band of Lake Superior Chippewa, as granted by Article VI of the Revised Constitution of the Minnesota Chippewa Tribe, and as recognized by the United States under Section 16 of the Indian Reorganization Act of 1934, 25 U.S.C. § 476, and under the Treaty of LaPointe with the United States of September 30, 1854, 10 Stat. 1109.").)

Absent a showing of express waiver of sovereign immunity, the Court lacks jurisdiction over Plaintiff's claims. *See Hagen*, 205 F.3d at 1043. The Court finds that Plaintiff has failed to allege or show how Defendant has waived its sovereign immunity. Accordingly, Court adopts the magistrate judge's well-reasoned analysis, including his recommendation that the Amended Complaint be dismissed without prejudice.

**III. ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report & Recommendation dated November 26, 2019 [Doc. No. 39] is **ADOPTED**;

2. Plaintiff's Objections [Doc. No. 43] are **OVERRULED**;

3. Defendant's Motion to Dismiss [Doc. No. 21] is **GRANTED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 14, 2020

                                      s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge